Citation Nr: 1826269 
Decision Date: 04/27/18 Archive Date: 05/07/18

DOCKET NO. 10-10 501 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in 
North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a right knee disorder.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. E. Miller, Associate Counsel


INTRODUCTION

The Veteran served in the U.S. Army from February 1974 to February 1977, in the Army National Guard of New Jersey from January 1978 to January 1979, and in the U.S. Navy from April 1980 to May 1980.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a January 2009 decision of the North Little Rock, Arkansas, Regional Office (RO). In January 2014, the Veteran was afforded a videoconference hearing before the undersigned Veterans Law Judge. A hearing transcript is in the record. In April 2014, the Board denied service connection. The Veteran subsequently appealed to the United States Court of Appeals for Veterans' Claims (Court).

In August 2014, the Court granted the Parties' Joint Motion for Remand (JMR); vacated the April 2014 Board decision; and remanded the Veteran's appeal to the Board. In November 2014, the Board remanded the appeal to the RO for additional action. In May 2015, the Board again denied service connection and the Veteran again appealed to Court. In a June 2016 Memorandum Decision, the Court set aside the May 2015 Board decision and remanded the appeal to the Board. In July 2017, the Board remanded the appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board has determined that additional development is necessary and the appeal is, therefore, REMANDED as directed below.




1. Reasons for the remand:

In the July 2017 remand, the Board directed the VA examiner to provide an opinion as to each identified knee disorder. The examiner was also directed to "provide a comprehensive explanation for all opinions provided." The examiner diagnosed the Veteran with degenerative arthritis and stated that the disorder was less likely than not incurred in or caused by service. The sole rationale provided was "there is no c-file objective evidence the arthritis in the right knee occurred during active duty. A nexus has not been established." No etiology of the disorder was stated and no opinion was advanced as to whether the Veteran's reported in-service injury could have led to his later-diagnosed arthritis.

Given that there has been a formal finding of unavailability of service records from the period in which the Veteran has reported being injured, there might not be "c-file objective evidence [that] arthritis . . . occurred during active duty." This is an insufficient rationale and fails to comply with the instructions in the July 2017 Board remand. Therefore, remand is again necessary. See Stegall v. West, 11 Vet. App. 268 (1998); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

2. Obtain a medical opinion from a VA examiner OTHER THAN THE VA EXAMINER WHO CONDUCTED THE OCTOBER 2017 EXAMINATION. If necessary to respond to the inquiries below, schedule the Veteran for a VA knee examination to obtain an opinion as to the nature and etiology of his right knee degenerative arthritis. All indicated tests and studies should be accomplished and the findings reported in detail. 

All relevant medical records must be made available to the examiner for review of pertinent documents. The examination report should specifically state that such a review was conducted. THE EXAMINER MUST PROVIDE A COMPREHENSIVE EXPLANATION FOR ALL OPINIONS PROVIDED.

The examiner should address the following:

a. whether the Veteran's right knee degenerative arthritis was caused by any in-service injury, disease, disorder, or event. This includes the Veteran's subjective reports of an in-service injury. THIS ALSO INCLUDES WHETHER ANY IN-SERVICE INJURY COULD HAVE LED TO A LATER DIAGNOSIS OF ARTHRITIS.

b. IF THE EXAMINER OPINES THAT THE VETERAN'S RIGHT KNEE ARTHRITIS WAS NOT CAUSED BY SERVICE, an opinion as to the etiology of his disorder must be provided.

The examiner's attention is drawn to the following:

*Army DD214 and Army National Guard of New Jersey separation document which both state that the Veteran served as a Hawk Missile Crewman.

*Navy DD214 which states that the Veteran served in the gun crew.

*January 1978 National Guard entrance examination indicating that lower extremities were normal and on which there is no notation of any right knee complaints or disability. VBMS Entry 10/3/2013, p. 1-2.

*January 1978 report of medical history at National Guard entrance on which the Veteran reported that he was in good health, indicated that he did not have any "Bone, joint or other deformity;" "Lameness;" "'Trick' or locked knee;" that he had never been a patient in any type of hospital; that he had not had any illness or injury other than those noted; that he had not been treated by any clinic, physician, healer, or other practitioner within the prior 5 years;" and on which there is no notation of any knee complaints or disability. VBMS Entry 10/3/2013, p. 3-4.

*March 1980 physical examination for service entrance into the Navy indicating that lower extremities were normal and on which there is no notation of any right knee complaints or disability. VBMS Entry 11/22/2013, p. 5, 17.

*March 1980 report of medical history at entrance into the Navy on which the Veteran reported that he was in good health, indicated that he did not have any "Bone, joint or other deformity;" "Lameness;" "'Trick' or locked knee;" that he had never been a patient in any type of hospital; that he had not had any illness or injury other than those noted; that he had not been treated by any clinic, physician, healer, or other practitioner within the prior 5 years;" and on which there is no notation of any knee complaints or disability. VBMS Entry 11/22/2013, p. 6, 15.

*March 1980 form on which the Veteran indicated that he was in good health, had no "Painful or trick joint," and had no "Illness or injury which required treatment by a physician or surgeon, hospitalization over 3 days, or a surgical operation." VBMS Entry 11/22/2013, p. 22.

*VA treatment records since September 2006 which contain regular complaints of right knee pain.

*September 2006 VA treatment record stating that the Veteran had "several injuries" and that he had been in a motor vehicle accident. VBMS Entry 12/3/2014 (second), p. 13.

*September 2006 VA treatment record stating a diagnosis of osteoarthritis in both knees. VBMS Entry 12/3/2014 (second), p. 15.

*February 2007 written statement from the Veteran which states that he "injured [his] right knee unloading ramps to a loader transport," that he was treated, put on light duty, and given crutches.

*December 2009 VA treatment record stating that the Veteran had bilateral knee pain and tenderness on the lateral aspect of both knees. VBMS Entry 12/3/2014 (first), p. 13-14.

*March 2010 VA treatment record stating that the Veteran had pain in his knees which was mechanical and stating that his knee pain was "clinically consistent with osteoarthritis." VBMS Entry 12/3/2014 (first), p. 13.

*April 2011 VA treatment record which states that the Veteran "was seen by Dr. [R.] who was concerned about increased reflexes at the knees together with hypermobile joints." LCM Entry 7/26/2014, p. 461.

*September 2011 right knee VA X-ray study stating "Joint spaces are normally maintained. No bony abnormalities are seen. No joint effusion is seen" and listing a conclusion of "Stable knee." VBMS Entry 7/26/2013.

*September 2011 VA treatment record which states "Knee x-rays are unremarkable." LCM Entry 7/26/2013, p. 402.

*November 2011 Social Security Administration (SSA) Disability Report on which the Veteran reported arthritis in his knees and on which he stated that his right knee pain began in July 2009. VBMS Entry 12/3/2013, p. 35, 72.

*June 2013 VA treatment record which states "On checking his reflexes I thought his knee reflexes were slightly brisk. I would grade them at 3+ but no clonus." LCM Entry 7/26/2013, p. 118.

*July 2013 VA treatment record which states that the Veteran had complaints of right knee pain that had been going on for the past "couple of years." LCM Entry 7/26/2013, p. 34.

*January 2014 Board hearing testimony where the Veteran described a reported in-service injury to his right knee and that his knee has hurt since that time.

*February 2014 written statement from the Veteran's mother describing her recollections of the night of the Veteran's reported in-service injury.

*March 2014 VA treatment record stating that the Veteran had been diagnosed with rheumatoid arthritis. VBMS Entry 5/8/2014, p. 1.

*September 2014 VA treatment record stating that the Veteran had complaints of right knee pain and stated that "he dropped a jack on his knee yesterday afternoon." VBMS Entry 12/3/2014 (second), p. 539.

*November 2014 VA treatment record stating that the Veteran reported bilateral knee pain with more pain in the right knee and that he reported the knee pain began about a week earlier with no injuries. VBMS Entry 12/3/2014 (second), p. 478.

*December 2014 VA X-ray study report which states "Normal right knee. There are no fractures. There is normal alignment. No knee effusion. No interval change." VBMS Entry 12/8/2014, p. 351.

*June 2015 written statement from the Veteran describing his reported in-service right knee injury.

*March 2017 written statement where the Veteran described the nature of his right knee disorder and indicated that it began in service.

*October 2017 VA examination where the examiner indicated that the Veteran had degenerative arthritis and that he was diagnosed in 2002. 

3. Readjudicate the issue on appeal. If the benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).